[No. 4,368.]

PETER CRAIG, ADMINISTRATOR OF THE ESTATE OF J. H.
MULLINS, DECEASED, v. MICHAEL C. BATEMAN,
JOHN O'CONNOR AND TIMOTHY P. REARDEN. .

SUFFICIENCY OF DENIALS IN AN ANSWER.---If an admistrator brings an action
against a former administrator of the same estate and his sureties, and,
in his complaint, states the proceedings resulting in the appointment
of the former administrator, his removal, and the appointment of the
plaintiff, and then avers that the former administrator was afterwards
cited to render an account, and rendered one; and that the Court settled
the account, and rendered a final decree, in which it found that he was
indebted to the estate in a sum named; and the defendants, in their an-
swer, deny that there had been a final settlement of the accounts, or that
a final decree had been entered in the Probate Court upon such settle-
ment, the denials are sufficient to defeat a motion for judgment on the
pleadings, even if the denials are coupled with an allegation that an ap-
peal to the Supreme Court has been taken from the only decree ren-
dered.

APPEAL from the District Court, Third Judicial District,
City and County of San Francisco.

The complaint averred that, August 19, 1870, the will of
J. H. Mullins, deceased, was probated in the Probate Court
of the City and County of San Francisco, and letters were
issued to defendant Bateman as executor; that the other
defendants signed his bond as sureties, and that he was af-
terwards removed for mismanagement, and the plaintiff was
appointed administrator in his place; that the plaintiff
caused a citation to be issued requiring Bateman to appear
and render an account; that, upon the hearing, the Court
settled the account, and found him indebted to the estate
in the sum of $5047 46, and rendered a final decree that he
pay the same to the plaintiff, which decree was in full force
and effect.  Judgment was asked for said sum.

The defendants, in their answer, denied that the Pro-
bate Court made a final settlement of the account, or that it
made a final decree whereby any money was found due by
Bateman.  The answer then denied that " said decree, or
any decree against defendant Bateman * * * has, since

said date, or since any other date, been, or is now in full force or effect," and alleged that the only decree rendered against Bateman had been appealed from to the Supreme Court. The Court, on motion of the plaintiff, rendered judgment against the defendants on the pleadings. The defendants appealed.

*McAllisters & Bergin* and *J. J. McElhinny*, for the Appellants.

*Crane & Johnson* and *A. C. Searle*, for the Respondent.

By the COURT:

We are of opinion that the answer of the defendants, in so far as it denies that there had been a final settlement of the accounts of Bateman, and denies that a final decree had been entered in the Probate Court upon such settlement, was sufficient in form and substance to defeat a motion for judgment in favor of the plaintiff on the pleadings.

Judgment reversed, and cause remanded for a new trial. Remittitur forthwith.